MARY DUNBAR,

        Case No. 2:19-cv-13637-PDB-DRG

        Plaintiff,

v.

        Hon. Paul D. Borman
        Magistrate David R. Grand

PROSPECT AIRPORT SERVICES, INC.,
and SPIRIT AIRLINES, a Delaware corporation,

        Defendants.

---

## DEFENDANT PROSPECT AIRPORT SERVICES, INC.'S
## MOTION TO DISMISS

Defendant Prospect Airport Services, Inc. respectfully requests that the Court dismiss the Complaint filed by Mary Dunbar (Dkt. No. 1) pursuant to Federal Rule of Civil Procedure 12(b)(6). For reasons stated in the memorandum of law, filed herewith, the Court should dismiss Plaintiff's Complaint with prejudice for failure to state a claim upon which relief can be granted.

In accordance with Local Rule 7.1(a), counsel for Prospect contacted Plaintiff's counsel on November 14, 2019, to seek concurrence in the relief requested. Prospect's counsel explained that Plaintiff's Complaint fails to state a claim because it was not timely filed under the applicable Contract of Carriage with Spirit Airlines; that there is no private right of action for the alleged violation of the

Air Carrier Access Act; and any state law claims for negligence are preempted by the Airline Deregulation Act's amendments to the Federal Aviation Act. Concurrence was not provided.

Dated: December 17, 2019      Respectfully submitted,

BROOKS WILKINS SHARKEY & TURCO PLLC

/s/ Brad A. Danek
Brad A. Danek (P72098)
401 S. Old Woodward, Suite 400
Birmingham, Michigan 48009
(248) 971-1800; (248) 971-1805/Fax
danek@bwst-law.com

*Attorneys for Prospect Airport Services, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on December 17, 2019, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

/s/ Brad A. Danek
Brad A. Danek (P72098)
401 S. Old Woodward, Suite 400
Birmingham, Michigan 48009
(248) 971-1800; (248) 971-1805/Fax
danek@bwst-law.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARY DUNBAR,

              Plaintiff,

v.

PROSPECT AIRPORT SERVICES, INC.,
and SPIRIT AIRLINES, a Delaware corporation,

              Defendants.

Case No. 2:19-cv-13637-PDB-DRG

Hon. Paul D. Borman
Magistrate David R. Grand

---

## BRIEF IN SUPPORT OF PROSPECT AIRPORT SERVICES, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

## ORAL ARGUMENT REQUESTED

# TABLE OF CONTENTS

INDEX OF AUTHORITIES ...................................................................... ii

QUESTIONS PRESENTED ...................................................................... iv

TABLE OF CONTROLLING AUTHORITIES ....................................................v

INTRODUCTION................................................................................1

STATEMENT OF FACTS .....................................................................2

STANDARD OF REVIEW ....................................................................4

ARGUMENT ....................................................................................4

    I.    Dunbar's Complaint is not timely under Spirit's Contract
            of Carriage. ..........................................................................5

    II.   There is no private right of action for violation of the Air
            Carrier Access Act. ...............................................................7

    III.  State law negligence claims related to the provision of
            services to disabled passengers are preempted by the
            Airline Deregulation Act's amendment to the Federal
            Aviation Act...........................................................................10

CONCLUSION...................................................................................15

# INDEX OF AUTHORITIES

## Cases

*Allen v. Spirit Airlines, Inc.*, 981 F. Supp. 2d 688, 689 (E.D. Mich. 2013) ................................................................................v, 12

*Al-Watan v. American Airlines, Inc.*, 570 F. Supp. 2d 925, 935 (E.D. Mich. 2008) ................................................................................v

*Bell Atlantic, Corp. v. Twombly,* 550 U.S. 544, 558; 127 S. Ct. 1955 (2007)..........................................................................................4

*Cipollone v. Liggett Group, Inc.*, 505 U.S. 504, 516, 112 S.Ct. 2608, 120 L.Ed.2d 407 (1992) ................................................................10

*Covino v. Spirit Airlines, Inc.*, No. CV 19-10126-NMG, 2019 WL 4675000, (D. Mass., Sept. 25, 2019) ........................................6

*Edick v. Allegiant Air*, LLC, No. 2:11–CV–259, 2012 WL 1463580, *3 (D. Nev. Apr. 27, 2012) ................................................................14

*Florida Lime & Avocado Growers, Inc. v. Paul*, 373 U.S. 132, 142–43; 83 S.Ct. 1210; 10 L.Ed.2d 248 (1963) ......................................10

*Hodges v. Delta Airlines, Inc.*, 44 F3d 334, 336 (5th Cir., 1995) (citing *Morales*, supra.) ................................................................11

*Johnson v. Northwest Airlines, Inc.*, No. C 08–02272, 2010 WL 5564629 (N.D. Cal. May 5, 2010)................................................14

*Lopez v. JetBlue Airways*, No. 10-CV-1552, 2010 WL 3311428 (E.D. N.Y. Aug. 19, 2010) ................................................................9

*Miller v. Delta Air Lines, Inc*, No. 4:11-CV-10099-JLK, 2012 WL 1155138, at *1 (S.D. Fla., April 5, 2012)........................................6

*Morales v. Trans World Airlines, Inc*, 504 U.S. 374, 378; 112 S Ct 2031 (1992) ................................................................................v, 11

*Mortier*, 501 U.S. at 605, 111 S.Ct. 2476 ................................................4

*Njoku v. Northwest Airlines, Inc*, No. CV 09-13403, 2010 WL 11651978, (E.D. Mich., Sept. 22, 2010) ........................................v

*Phoenix Life Ins. Co. v. LaSalle Bank N.A.*, 2009 WL 877684 at *4

(E.D. Mich. Mar. 30, 2009) ...........................................................................4

*Rice v. Santa Fe Elevator Corp.*, 331 U.S. 218, 230; 67 S.Ct. 1146; 91
L.Ed. 1447 (1947) ...........................................................................10

*Russell v. Skywest Airlines, Inc.*, No. C 10–0450, 2010 WL 2867123, *5
(N.D. Cal. July 20, 2010) ...........................................................................14

*Thomas v. Northwest Airlines Corp.*, No. 08-11580, 2008 WL 4104505
(E.D. Mich. Sept. 2, 2008) ...........................................................................v, 8

*Trans World Airlines, Inc*, 504 U.S. 374, 378; 112 S. Ct. 2031 (1992)........................v

*Vincent v. Nw Airlines, Inc*, No. 10-10131, 2010 WL 3272836, *3 (E.D.
Mich., August 19, 2010) ...........................................................................6

*Williams v. Express Airlines I, Inc.*, 825 F. Supp. 831, 833 (W.D. Tenn.
1993) ...........................................................................v, 13

*Wisconsin Pub. Intervenor v. Mortier*, 501 U.S. 597, 604, 111 S.Ct. 2476
(1991) ...........................................................................4

*Wright ex rel. DW v. Am. Airlines, Inc.*, 249 F.R.D. 572 (E.D. Mo.
2008) ...........................................................................9

**Statutes**

14 C.F.R. § 253.5(b)(2) ...........................................................................v, 5

14 C.F.R. §382.1 ...........................................................................8

14 C.F.R. §382.103 ...........................................................................3

14 C.F.R. §382.91 ...........................................................................3, 8

14 C.F.R. §382.95 ...........................................................................v, 12

49 U.S.C. §1301 et seq ...........................................................................10

49 U.S.C. §40101 ...........................................................................13

49 U.S.C. §41705 ...........................................................................v, 11

49 U.S.C. §41707 ...........................................................................v, 5

49 U.S.C. §1305 ...........................................................................11

**Rules**

Fed. R. Civ. P. 12(b)(6) ...........................................................................1, 4, 15

# QUESTIONS PRESENTED

IS PLAINTIFF'S COMPLAINT UNTIMELY FOR FAILING TO FILE AGAINST THE AIRLINE AND ITS AGENT WITHIN 6-MONTHS OF THE INCIDENT, AS REQUIRED UNDER THE CONTRACT FOR CARRIAGE?

DEFENDANTS ANSWER:      YES
PLAINTIFF ANSWERS:      NO

ARE PLAINTIFF'S CLAIMS FOR VIOLATION OF THE AIR CARRIER ACCESS ACT SUBJECT TO DISMISSAL BECAUSE THE ACT LACKS A PRIVATE RIGHT OF ACTION?

DEFENDANTS ANSWER:      YES
PLAINTIFF ANSWERS:      NO

ARE PLAINTIFF'S STATE LAW NEGLIGENCE CLAIMS PREEMPTED BY THE AIRLINE DEREGULATION ACT?

DEFENDANTS ANSWER:      YES
PLAINTIFF ANSWERS:      NO

# TABLE OF CONTROLLING AUTHORITIES

"[A]n air carrier may incorporate by reference in a ticket or written instrument any term of the contract for providing interstate air transportation." 49 U.S.C. § 41707. The incorporated terms may include claim restrictions, specifically time periods within which passengers must bring an action. See 14 C.F.R. § 253.5(b)(2).

Summary judgment for airlines and their agents is appropriate where the claim is untimely under the limitations period contained in a contract of carriage. See *Vincent v. Nw Airlines, Inc*, No. 10-10131, 2010 WL 3272836, at *3 (E.D. Mich., August 19, 2010).

The Air Carrier Access Act does not contain a private right of action. *Thomas v. Northwest Airlines Corp.*, No. 08-11580, 2008 WL 4104505 (E.D. Mich. Sept. 2, 2008); *Njoku v. Northwest Airlines, Inc*, No. CV 09-13403, 2010 WL 11651978, (E.D. Mich., Sept. 22, 2010).

"Express pre-emption was legislated as part of the Airline Deregulation Act of 1978, and is found in the Federal Aviation Act, 49 U.S.C.App. § 1301 et seq. *Williams v. Express Airlines I, Inc.*, 825 F. Supp. 831, 832 (W.D. Tenn., 1993).

The Federal Aviation Act preempts state law claims "related to" the "services of any air carrier." *Morales v. Trans World Airlines, Inc*, 504 U.S. 374, 378; 112 S. Ct. 2031 (1992).

The Air Carrier Access Act, 49 U.S.C. § 41705, requires airlines and its agents to provide services to disabled passengers including "boarding and deplaning assistance." 14 C.F.R. §382.95(a).

State law negligence claims relating to a failure to provide adequate services to disabled passengers are preempted under the FAA because "by their very nature [the claims] affect airline services *directly*, because they immediately arise from the denial, or alleged inadequate provision, of such services." *Williams v. Express Airlines I, Inc.*, 825 F. Supp. 831, 833-834 (W.D. Tenn. 1993); *Allen v. Spirit Airlines, Inc.*, 981 F. Supp. 2d 688, 689 (E.D. Mich. 2013); *Al-Watan v. American Airlines, Inc.*, 570 F. Supp. 2d 925, 935 (E.D. Mich. 2008).

# INTRODUCTION

Plaintiff, Mary Dunbar ("Dunbar"), flew on a Spirit Airlines flight from New Orleans, LA to Detroit, MI on November 23, 2016. Upon arrival in Detroit, Dunbar was provided wheelchair assistance by Spirit's agent, Prospect Airport Services, Inc. ("Prospect'). Dunbar alleges Prospect then left her unattended in the wheelchair for more than 30 minutes in violation of the Air Carrier Access Act. The Complaint does not allege any physical injury or incident.

This Court should dismiss Dunbar's Complaint for two independent reasons: (1) the Complaint was not timely filed within 6-months of the incident, as required under the Contract of Carriage with Spirit Airlines; and (2) there is no private right of action for violation of the Air Carrier Access Act. Further, any request to amend to add claims for state law negligence (if not already pled) should be denied, as those claims are preempted by the Federal Aviation Act. Prospect respectfully request this Court to dismiss the Complaint with prejudice pursuant to Fed. R. of Civ. P. 12(b)(6).

On or about November 23, 2016, Dunbar was a ticketed passenger for air travel "from New Orleans, LA to Detroit Metropolitan airport" on Spirit Airlines. (**Ex. A** to Dkt. 1; **Ex. A**, Complaint, ¶2.) Dunbar "self-identified as being an individual with a disability which required assistance." (**Ex. A**, Complaint at ¶3.) "Dunbar is not independently mobile (she has limitations, and, has limited sight.)" (Id. at ¶3.)

As a ticketed passenger, Dunbar was subject to the Spirit Airlines' "Contract of Carriage." (**Ex. B**, Contract of Carriage.) The Contract of Carriage sets out the basic terms and conditions applicable to the transportation of Spirit's passengers and their baggage. The Contract of Carriage provides, in part, that "[n]o legal action may be brought by a passenger against Spirit or its directors, officers, employees or agents unless commenced within six (6) months from the date of the alleged incident." (**Ex. B**, Contract of Carriage at §13.3.) Dunbar agreed to be bound by this Contract of Carriage by purchasing her ticket and accepting transportation on November 23, 2016.

Dunbar alleges that "[w]hen an airline is providing assistance to a passenger who is not independently mobile because of a disability, the airline must not leave

---

[1] This statement is based on Dunbar's Complaint, which Prospect accepts only for purposes of this motion.

the passenger unattended for more than 30 minutes." (**Ex. A**, Complaint at ¶10.) Dunbar alleges she "did not ask to be left unattended for any period of time" and that "Spirit Airlines violated 14 C.F.R. §382.91 and 14 C.F.R. §382.103." (Id.)

Specific as to Defendant Prospect, Dunbar alleges it "owed a duty of reasonable care to Plaintiff which included, but was not limited to; taking all reasonable precautions to [ensure] the safety of the SPIRIT passengers assigned to Prospect for care and transport and to the Plaintiff; to undertake reasonable training and supervision of its employees and agents; and to ensure airline passengers entrusted to their care and transport were safe from unreasonable risks of harm." (**Ex. A,** Complaint at ¶18.) Dunbar also alleges that Prospect, "knew, or reasonably should have known, of the risk of harm which could be, and was caused, by leaving the disabled Plaintiff unattended at curbside in a wheelchair at DTW. . . [.]" (**Ex. A**, Complaint at ¶19.)

Although the Complaint does not contain specific counts, it appears the claims against Prospect are based on an alleged failure to provide Dunbar with applicable wheelchair assistance, including for leaving her unattended in violation of the Air Carrier Access Act.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) authorizes a court to dismiss a claim on an issue of law that fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "When the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court" and the complaint should be dismissed. *Phoenix Life Ins. Co. v. LaSalle Bank N.A.*, 2009 WL 877684 at *4 (E.D. Mich. Mar. 30, 2009)*, quoting Bell Atlantic, Corp. v. Twombly,* 550 U.S. 544, 558; 127 S. Ct. 1955 (2007). Plaintiff fails to state a claim, and dismissal is proper, where the well pled complaint pleads state law claims which are preempted by federal law. *Wisconsin Pub. Intervenor v. Mortier*, 501 U.S. 597, 604, 111 S.Ct. 2476 (1991).

## ARGUMENT

Dunbar's Complaint fails to state a claim because it is untimely under the applicable Contract of Carriage and there is no private right of action for the alleged violation of the Air Carrier Access Act. In addition, no state law negligence claims for failing to provide adequate assistance to a disabled passenger could state a claim due to preemption by the Federal Aviation Act. Dismissal is required.

## I. The Complaint is not timely under Spirit's Contract of Carriage.

Federal law provides that "an air carrier may incorporate by reference in a ticket or written instrument any term of the contract for providing interstate air transportation." 49 U.S.C. § 41707. The incorporated terms may include claim restrictions, specifically time periods within which passengers must bring an action. See 14 C.F.R. § 253.5(b)(2).

Here, Dunbar alleges she purchased a ticket for travel on a Spirit Airlines flight from New Orleans to Detroit on November 23, 2016. (**Ex. A**, Complaint at ¶2.) As a ticketed passenger, Dunbar was subject to Spirit Airlines' Contract of Carriage, revised as of October 25, 2016. (**Ex. B**, Contract of Carriage.) Section 13.3 of the Contract of Carriage provides that all legal actions against Spirit and its agents must be commenced within 6-months of the incident:

| | |
|---|---|
| 13.3 | Time Limit – No legal action may be brought by a passenger against Spirit or its directors, officers, employees or agents unless commenced within six (6) months from the date of the alleged incident. |

(Id. at §13.3)

Under the plain terms of the Contract of Carriage, Dunbar was required to commence her legal action against Prospect, acting as "[Spirit's] agent" (**Ex. A**, Complaint at ¶13) on or before May 23, 2017. She did not. Instead, Dunbar filed

her Complaint on October 31, 2019 – almost three years after her flight. (**Ex. A,** Complaint.)

Federal district courts have granted summary judgment to airlines for similar failure to timely commence an action in accordance with the airlines' contract of carriage. See *Vincent v. Nw Airlines, Inc*, No. 10-10131, 2010 WL 3272836, *3 (E.D. Mich., August 19, 2010) (finding plaintiff's claims for burns from spilled coffee were barred for failure to file suit within the one-year limitations period in Northwest's Contract of Carriage.)[2] Federal courts in Florida, applying Florida law, which controls the Contract of Carriage here under Section 13.1, similarly have granted summary judgment for failure to timely file claims in accordance with a Contract of Carriage. See e.g. *Miller v. Delta Air Lines, Inc*, No. 4:11-CV-10099-JLK, 2012 WL 1155138, at *1 (S.D. Fla., April 5, 2012) (holding plaintiff's claims were barred under the one-year statute of limitations contained in the Contract of Carriage.")

Spirit's 6-month limitation in its Contract of Carriage has been enforced in other federal districts. In *Covino v. Spirit Airlines, Inc.*, No. CV 19-10126-NMG, 2019 WL 4675000, (D. Mass., Sept. 25, 2019), the court held the plaintiff had adequate notice of Spirit's Contract of Carriage when she purchased her ticket

---

[2] Pertinent unpublished authority cited herein is attached as Exhibit C, in alphabetical order and as they appear in the Index of Authorities.

online, as "Spirit unambiguously stated on its online booking page that by checking the box indicating her agreement to Spirit's terms and conditions, Covino was agreeing to Spirit's [Contract of Carriage]." *Id.* at *4–5. In granting Spirit's motion to dismiss for failure to timely file the complaint, the court held, "[i]n sum, Spirit's online ticketless booking system reasonably provided Covino notice of the existence of important legal rights incorporated by reference in Spirit's contract of carriage, including its limitation of liability requiring all claims against Spirit to be brought within six months." *Id.*

Here, Dunbar failed to timely file her Complaint against Spirit and its agent, Prospect, within 6-months of the incident, as required under the Contract of Carriage. Accordingly, the Complaint should be dismissed with prejudice for failure to state a claim.

## II.  There is no private right of action for violation of the Air Carrier Access Act.

Even if Dunbar's Complaint was timely under the Contract of Carriage, she cannot otherwise maintain claims for Prospect's alleged failure to comply with the requirements of the Air Carrier Access Act ("ACAA") because the ACAA does not contain a private right of action.

Dunbar's Complaint fails to state specific counts or causes of action, but it appears the allegations against Prospect are for an alleged failure to provide

adequate wheelchair services under the ACAA. Specifically, Dunbar alleges she was "left unattended" in violation of 14 C.F.R. §382.91 and 14 C.F.R. § 382.103. (**Ex. A**, Complaint at ¶10.) And, she alleges Prospect failed to train employees on the appropriate handling of passengers with disabilities. (**Ex. A**, Complaint at ¶21(a)-(d).)

The Air Carrier Access Act of 1986 ("ACAA"), 49 U.S.C. §41705, affirmatively requires airlines to provide services to disabled passengers. The implementing regulations prohibit air carriers from discriminating against passengers on the basis of disability and require carriers to accommodate passengers with a disability. 14 CFR § 382.1 *et. seq.* The ACAA contains specific regulations regarding a failure to train on the proper provision of disability accommodations. 14 CFR § 382.141.

The ACAA does not contain a private right of action. In *Thomas v. Northwest Airlines Corp.*, No. 08-11580, 2008 WL 4104505 (E.D. Mich. Sept. 2, 2008), the court held that "the text of the ACAA and the DOT regulations promulgated thereunder create a comprehensive enforcement scheme which demonstrates that Congress did not intend, expressly or by implication, to create a private right of action." *Id.* at *2. The *Thomas* court granted defendant's motion to dismiss claims for violation of the ACAA. *Id.* at *3.

In *Njoku v. Northwest Airlines, Inc.*, 806 F. Supp. 2d 1022, 1024 (E.D. Mich. 2011), plaintiff commenced a state law negligence action against the airline alleging it negligently failed to provide a wheelchair which forced her to walk off the plane, resulting in a fall. *Id.* at 1024-1025. Northwest filed a motion to dismiss alleging it did not owe a duty outside of the ACAA and that a breach of the duties contained in the ACAA cannot support a cause of action. The court agreed, holding "the ACAA does not create an affirmative duty for wheelchair assistance, for which Northwest may be held liable under a negligence theory." *Id.* at 1027. The court granted Northwest's motion, restating "there is no private cause of action under the ACAA." *Id.* (citing *Thomas v. Northwest Airlines Corp.*, 2008 WL 4104505 (E.D. Mich. Sept. 2.) See also *Lopez v. JetBlue Airways*, No. 10-CV-1552, 2010 WL 3311428 (E.D. N.Y. Aug. 19, 2010) (finding no private right of action under the ACAA); and *Wright ex rel. DW v. Am. Airlines, Inc.*, 249 F.R.D. 572 (E.D. Mo. 2008) (same).

As the courts cited above held, including the Eastern District of Michigan in *Thomas* and *Njoku*, there is no private right of action for an alleged violation of ACAA. Even if the ACAA was violated (it wasn't), Dunbar's Complaint fails to state a claim and must be dismissed with prejudice.

III.    **State law negligence claims related to the provision of services to disabled passengers are preempted by the Airline Deregulation Act's amendment to the Federal Aviation Act.**

Dunbar's Complaint fails to contain specific counts, so it is currently unclear if she is alleging claims for state law negligence in addition to claims for violation of the ACAA. (**Ex. A**, Complaint.) But, if the Complaint contains allegations of negligence (or if Dunbar requests leave to amend the Complaint), these claims do not state a claim because they are preempted by the Federal Aviation Act, as amended by the Airline Deregulation Act.

Federal law preempts state law where Congress has expressly provided for preemption. *Cipollone v. Liggett Group, Inc.*, 505 U.S. 504, 516, 112 S.Ct. 2608, 120 L.Ed.2d 407 (1992).[3] In 1978, the Federal Aviation Act ("FAA") was amended by the Airline Deregulation Act ("ADA") to provide for express preemption. *Williams v. Express Airlines I, Inc.*, 825 F. Supp. 831, 832 (W.D. Tenn., 1993) ("Express pre-emption was legislated as part of the Airline Deregulation Act of 1978, and is found in the Federal Aviation Act, 49 U.S.C. § 1301 et seq.".)

---

[3] Preemption also applies under two alternative grounds: (1) where Congressional intent to preempt may be inferred generally from the pervasiveness of the federal regulatory scheme, *Rice v. Santa Fe Elevator Corp.*, 331 U.S. 218, 230; 67 S.Ct. 1146; 91 L.Ed. 1447 (1947); and (2) where state law conflicts with federal law or interferes with the achievement of congressional objectives, *Florida Lime & Avocado Growers, Inc. v. Paul*, 373 U.S. 132, 142–43; 83 S.Ct. 1210; 10 L.Ed.2d 248 (1963).

The FAA Section 1305, a part of the ADA, provides, in relevant part:

> **[N]o state ... shall enact or enforce any law**, rule, regulation, standard, or other provision having the force and effect of law **relating to** rates, routes or **services of any air carrier** having authority... to provide air transportation.

(49 U.S.C. §1305) (emphasis added.)

Accordingly, the FAA expressly preempts all state law claims which are "related to" the "services of any air carrier." *Morales v. Trans World Airlines, Inc*, 504 U.S. 374, 378; 112 S. Ct. 2031 (1992). The "preemption provision is to be interpreted broadly, and it preempts state actions beyond those specifically prescribing rates, routes, and services." *Hodges v. Delta Airlines, Inc.*, 44 F3d 334, 336 (5th Cir., 1995) (citing *Morales*, supra.) Claims related to the failure to provide, or the negligent provision of, the "services" of an air carrier in violation of state negligence law are preempted.

Here, Dunbar's claims against Prospect are preempted because they are "related to" the "services" of an air carrier, specifically those services required under the Air Carriers Access Act ("ACAA"). In 1986, Congress enacted the ACAA, an amendment to the FAA, to require airlines and their agents to provide services to disabled passengers. 49 U.S.C. § 41705. "Services" required under the ACAA include "boarding and deplaning assistance" to disabled passengers. 14

C.F.R. §382.95(a). Carriers are required to "ensure the provision of assistance requested by or on behalf of passengers with a disability, or offered by carrier or airport operator personnel and accepted by passengers with a disability, in enplaning and deplaning. This assistance must include, as needed. . . services of personnel[.]" *Id.*

Dunbar's Complaint alleges facts which "relate to" the services of Prospect required under the ACAA. Not only does she allege generally that Prospect failed to provide adequate assistance, and failed to train its employees on properly assisting disabled passengers, but the Complaint specifically alleges she was left unattended in violation of the ACAA. (**Ex. A**, Complaint at ¶¶10; 18; & 21(a)-(d).) The alleged negligent failure to provide adequate assistance to a disabled passenger, and claims regarding abandonment for more than 30 minutes in violation of the ACAA, are "related to" the services required under the ACAA and therefore preempted by the FAA.

In *Allen v. Spirit Airlines, Inc.*, the airline passenger was injured as a result of serious blood clots which developed during a two-hour flight delay. *Allen v. Spirit Airlines, Inc.*, 981 F. Supp. 2d 688, 689 (E.D. Mich. 2013). Plaintiff alleged that "Defendant's employees [advised] that she was not allowed to move about the airplane and was to stay seated to await departure." *Id.* Spirit moved to dismiss,

arguing "that Plaintiff's claim is. . . implicitly preempted by the Federal Aviation Act (FAA), 49 U.S.C. § 40101." *Id.* at 690. The court agreed, concluding that "any Michigan standard of care relating to aviation safety is preempted." *Id.* at 697-698. It held that the duties plaintiff seeks to impose – essentially, that defendant had the duty to affirmatively prevent injuries was not actionable. *Id.* The court found that the ADA preempted plaintiff's claims and granted the airlines' motion to dismiss. *Id.* at 690.

Under analogous facts, in *Williams v. Express Airlines I, Inc.*, 825 F. Supp. 831 (W.D. Tenn. 1993), plaintiff alleged that Northwest "failed to adequately provide wheelchair or other mobility assistance to him in its gate area" and that his confinement in an aisle wheelchair for an unreasonable amount of time constituted false imprisonment. *Id.* at 833. The court determined that the provision of wheelchair services to a disabled passenger was "related to" the "services" of an airline. *Id.* In finding that the FAA preempted plaintiff's state law negligence claims, the court in *Williams* held that to allow the claim "would encroach upon a field of federally regulated activity" and "the state law claims at issue here do not affect airline services in too tenuous, remote or peripheral a manner to avoid preemption. *Id.* Rather, by their very nature they affect airline services *directly*,

because they immediately arise from the denial, or alleged inadequate provision of, such services." *Id.*

Other district courts have similarly held that state law negligence claims for failure to provide services to disabled passengers were preempted. *See Edick v. Allegiant Air*, LLC, No. 2:11–CV–259, 2012 WL 1463580, *3 (D. Nev. Apr. 27, 2012) (finding "that plaintiff's wheelchair assistance-related claims are preempted by federal law, and summary judgment on these claims is appropriate."); *Russell v. Skywest Airlines, Inc.*, No. C 10–0450, 2010 WL 2867123, *5 (N.D. Cal. July 20, 2010) (finding that state law negligence claims were preempted by ACAA which extensively regulates the provision of wheelchair services); and *Johnson v. Northwest Airlines, Inc.*, No. C 08–02272, 2010 WL 5564629 (N.D. Cal. May 5, 2010) (same).

Congress requires airlines and their agents to accommodate disabled passengers under the ACAA. It is only because of this ACAA requirement that Prospect providing assistance is Dunbar, assistance which was clearly related to the services of an air carrier and therefore preempted. To the extent Dunbar has pled claims based on state law negligence, or if she requests leave to amend her Complaint to allege state law negligence claims, these claims do not state a claim due to federal preemption under the FAA.

## CONCLUSION

For the reasons stated above, Prospect respectfully asks this Court to immediately dismiss with prejudice all claims against it pursuant to Fed. R. Civ. P. 12(b)(6).

Respectfully submitted,

By: /s/ Brad A. Danek
Brad A. Danek (P72098)
Brooks Wilkins Sharkey & Turco PLLC
401 S. Old Woodward Avenue, Suite 400
Birmingham, Michigan 48009
(248) 971-1800
danek@bwst-law.com

Dated: December 17, 2019 Attorneys for Defendant Prospect

## CERTIFICATE OF SERVICE

I hereby certify that on December 17, 2019, I electronically filed the foregoing with the Clerk of the Court using the ECF System which will send notification of filing to all counsel of record.

By: /s/ Brad A. Danek
Brad A. Danek (P72098)
Brooks Wilkins Sharkey & Turco PLLC
401 S. Old Woodward Avenue, Ste. 400
Birmingham, Michigan 48009
(248) 971-1800
danek@bwst-law.com