STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

MARY DUNBAR,

    Plaintiff,                              Case No.: 2019-           NO

vs.

PROSPECT AIRPORT SERVICES INC.
and SPIRIT AIRLINES, a Delaware Corporation
                                                                 /

MICHAEL G. HEILMANN, P.C.
Downriver Injury and Auto Law
By: Michael G. Heilmann (P33034)
Attorneys for Plaintiff
23394 Goddard Road
Taylor, MI 48180
(734) 307-3800 (telephone)
                                                                 /

**There are no other pending or resolved civil actions arising out of the transaction or occurrence alleged in this complaint.**

## COMPLAINT

**NOW COMES**, the Plaintiff, **MARY DUNBAR** by and through her attorney, MICHAEL G. HEILMANN, P.C. and for her complaint states as follows:

## INTRODUCTION

1. That this is an action for damages in excess of Twenty Five Thousand ($25,000.00) Dollars, exclusive of interest, costs and attorney fees and seeking $74,999.00.

2. Mary Dunbar is a resident of Natchez, MS, whom purchased a ticket on Spirit Airlines for travel from New Orleans, LA to Detroit Metropolitan Airport, also known as DTW, on or about November 23, 2016.

3. Mary Dunbar, a passenger on Spirit Airlines, self-identified as being an individual with a disability which required assistance. Ms. Dunbar is not independently mobile (she has limitations) and, has limited sight.

4. Spirit Airlines, Inc., is an American ultra-low-cost carrier, headquartered in Miramar, Florida. It is the seventh largest commercial airline in the United States. Spirit operates scheduled flights throughout the United States, and sold Mary Dunbar, a ticket from New Orleans, LA to Detroit Metropolitan Airport with wheelchair assistance.

5. Prospect Airport Services, Inc., is an airline service support company located at 2130 South Wolf Rd. Des Plaines, IL 60018 with services at Detroit Metropolitan Airport, including Wheelchair services.

6. This Court has jurisdiction over the parties, as Spirit Airlines, does business in Wayne County, State of Michigan, and the actions which give rise to this Complaint occurred in Romulus, MI, in the County of Wayne, State of Michigan.

7. This Court has jurisdiction over the parties, as Prospect ,does business in Wayne County State of Michigan, and the actions which give rise to this Complaint occurred in Romulus, MI, in the County of Wayne. State of Michigan.

8. State common law actions, and the FAA, "coexist" and that the FAA establishes a "no-preemption regime, *American Airlines v. Wolens*, 513 U.S. 219, 232 (1995).

9. In 2016, airlines reported 32,445 disability-related Complaints, according to the DOT. Of those Complaints, 17,498 involved wheelchairs.

10. When an airline is providing assistance to a passenger who is not independently mobile because of a disability, the airline must not leave the passenger

unattended for more than 30 minutes. This requirement applies even if another person is accompanying the passenger, unless the passenger explicitly states that it is okay for the airline to leave them unattended for more than 30 minutes. Mary Dunbar did not ask to be left unattended for any period of time. Spirit Airlines violated 14 C.F.R. § 382.91 and 14 C.F.R. § 382.103.

## SPIRIT AIRLINES

11. The Defendant owed a duty of reasonable care to Plaintiff which included, but was not limited to; taking all reasonable precautions to insure the safety of the passengers and the Plaintiff; to undertake reasonable training and supervision of its employees and agents; and to ensure passengers were safe from unreasonable risks of harm.

12. Defendant knew, or reasonably should have known, of the risk of harm which could be, and was, caused by leaving the disabled Plaintiff unattended at curbside in a wheelchair at DTW, and should have expected that Plaintiff would not discover or be able to protect herself from that risk.

13. Defendant knew, or reasonably should have known of the risk of harm which could be, and was, caused by the leaving he Plaintiff unattended in a wheelchair at curbside by their agent.

14. Defendant, individually and/or through its agents, servants, and employees, was/were negligent in one or more of the following particulars which caused damage to Plaintiff as alleged in this complaint:

   a. taking all reasonable precautions to ensure the safety of the passengers;

b. to undertake reasonable training and supervision of its employees; and to ensure passengers were safe from unreasonable risks of harm;

c. to warn passengers of any unreasonable risks of harm; and,

d. Did not inspect the conditions.

15. The Plaintiff has suffered severe injury and damages as a direct and proximate result of Defendant's negligent acts or omissions in an amount of $74,999.00.

16. That as a result of the negligence of Defendant, Plaintiff has suffered serious non-economic damages, including severe physical injury, pain and suffering, emotional and psychological distress, loss of enjoyment of life, reduced life expectancy, and other non-economic damages.

17. That as a result of the negligence of Defendant, Plaintiff has suffered serious economic damage, including past and future doctor, and hospital and other medical expenses, the exact amount to be proven at trial.

### PROSPECT AIRPORT SERVICES, INC.

18. The Defendant owed a duty of reasonable care to Plaintiff which included, but was not limited to; taking all reasonable precautions to insure the safety of the SPIRIT passengers assigned to Prospect for care and transport and to the Plaintiff; to undertake reasonable training and supervision of its employees and agents; and to ensure airline passengers entrusted to their care and transport were safe from unreasonable risks of harm.

19. Defendant knew, or reasonably should have known, of the risk of harm which could be, and was caused, by leaving the disabled Plaintiff unattended at curbside

in a wheelchair at DTW, and should have expected that Plaintiff would not discover or be able to protect herself from that risk in a device provided by the Defendant.

20. Defendant knew, or reasonably should have known of the risk of harm which could be and was caused by the leaving the disabled and impaired sight Plaintiff unattended in a wheelchair at curbside by their agent and employee.

21. Defendant, individually and/or through its agents, servants, and employees, was/were negligent in one or more of the following particulars which caused damage to Plaintiff as alleged in this complaint:

   a. taking all reasonable precautions to ensure the safety of the transport of passengers;

   b. to undertake reasonable training and supervision of its employees; and to ensure passengers were safe from unreasonable risks of harm;

   c. to warn passengers of any unreasonable risks of harm and abandonment; and,

   d. Did not inspect the conditions.

22. The Plaintiff has suffered severe injury and damages as a direct and proximate result of Defendant's negligent acts or omissions in an amount of $74,999.00.

23. That as a result of the negligence of Defendant, Plaintiff has suffered serious non-economic damage, including severe physical injury, pain and suffering, emotional and psychological distress, loss of enjoyment of life, reduced life expectancy, and other non-economic damages.

24. That as a result of the negligence of Defendant, Plaintiff has suffered serious economic damage, including past and future doctor, and hospital and other medical expenses, the exact amount to be proven at trial.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff prays for the following relief:

1. That the Court award Plaintiff with a judgment against Defendants for an amount to be determined by a jury, for such sums as shall be determined to fully and fairly compensate Plaintiff for all non-economic and economic damages incurred, or to be incurred, by Plaintiff as the direct and proximate result of the negligent acts and omissions of Defendant, plus interest.

2. That the Court award Plaintiff her respective costs and disbursements.

3. That the Court award such other and further relief as it deems necessary and equitable in the circumstances.

/s/ Michael G. Heilmann
Michael G. Heilmann (P33034)
23394 Goddard Road
Taylor, MI 48180
(734) 307-3800
mgh@dialaw.net
cassie@dialaw.net
**ATTORNEYS FOR PLAINTIFF**

Dated: October 31, 2019

## DEMAND FOR JURY TRIAL

Plaintiff, **MARY DUNBAR**, hereby demands a trial by jury on all issues so triable.

>*/s/ Michael G. Heilmann*
>Michael G. Heilmann (P33034)
>23394 Goddard Road
>Taylor, MI 48180
>(734) 307-3800
>mgh@dialaw.net
>cassie@dialaw.net
>**ATTORNEYS FOR PLAINTIFF**

Dated: October 31, 2019