UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

MARY DUNBAR,

      Plaintiff,                  Case No.: 2:19-cv-13637-PDB-DRG

vs.                             Hon. Paul D. Borman

PROSPECT AIRPORT SERVICES INC.
and SPIRIT AIRLINES, a Delaware Corporation

      Defendants.
_____/

| | |
|---|---|
| **MICHAEL G. HEILMANN, P.C.** | **BROOKS WILKINS SHARKEY** |
| **Michael G. Heilmann (P33034)** | **Brad A. Danek (P72098)** |
| Attorneys for Plaintiff | Attorneys for Prospect Airlines Services |
| 23394 Goddard Road | 401 South Old Woodward, Suite 400 |
| Taylor, Michigan 48180 | Birmingham, MI 48009 |
| (734) 307-3800 | (248) 971-1725 |

**CLARK HILL PLC**
**Anthony A. Agosta (P57355)**
**Benjamin I. Shipper (P77558)**
Attorneys for Spirit Airlines
500 Woodward Avenue, Suite 3500
Detroit, Michigan 48226
(313) 965-8300
_____/

### PLAINTIFF'S RESPONSE TO DEFENDANT,
### PROSPECT AIRPORT SERVICES, INC.'S, MOTION TO DISMISS

A Personal Injury Claim in a diversity action is based on State Negligence

Law is not a "service" within the meaning of the Air Carrier Access Act. A personal

Injury is not expressly pre-empted by the Air carrier Access Act. An airline based in

Florida whose contract of carriage is to be interpreted under Florida Law may not

contractually shorten the applicable statute of limitations.

<div style="margin-left: 50%;">

 */s/  Michael G. Heilmann*
Michael G. Heilmann
Michigan Bar No. 33034
23394 Goddard Road
Taylor, MI 48180
(734) 307-3800
mgh@dialaw.net
cassie@dialaw.net
**ATTORNEY FOR PLAINTIFF**

</div>

# TABLE OF CONTENTS

INDEX OF AUTHORITIES.................................................................. ii, iii, iv

QUESTIONS PRESENTED........................................................................ v

CONCISE STATEMENT OF THE ISSUES PRESENTED........................ vi

TABLE OF CONTROLLING AUTHORITIES........................................... vii

INTRODUCTION ........................................................................................ 1

STATEMENT OF FACTS ........................................................................... 2

STANDARD OF REVIEW ........................................................................... 2

ARGUMENT ................................................................................................ 3

    **I.**    Dunbar's Complaint is not timely under Spirit's Contract of
Carriage ......................................................................................... 3

    **II.**    There is no private right of action for violation of the Air
Carrier Access Act........................................................................ 6

    **III.**    State law negligence claims related to the provision of services to
disabled passengers are preempted by the Airline Deregulation
Act's amendment to the Federal Aviation Act.............................. 8

CONCLUSION .......................................................................................... 13

# INDEX OF AUTHORITIES

## Cases

Air Transport Association of America, Inc. v. Cuomo, 520 F.3d 218, 223
(2d Cir.2008) ............................................................................................ 11

Arizona v. United States, 567 U.S. ___, 132 S. Ct. 2492, 2500-01,
183 L.Ed.2d 351 (2012) .............................................................................. 7

Charas v. Trans World Airlines, Inc., 160 F.3d 1259, 1261
(9th Cir.1998) ...................................................................................... 10, 11

Cipollone v. Liggett Grp., Inc., 505 U.S. 504, 516, 112 S. Ct. 2608,
120 L.Ed.2d 407 (1992) .............................................................................. 7

Cleveland v. Piper Aircraft Corp., 985 F.2d 1438 (10th Cir.1993) .............. 12

DeTerra v. America West Airlines, Inc., 226 F.Supp.2d 274, 277
(D.Mass.2002) ............................................................................................ 9

Dudley, 882 F. Supp. at 206 ....................................................................... 11

*Duncan v. Northwest Airlines, Inc.*, 208 F.3d 1112, 1114-15
(9th Cir.2000) ................................................................................. vii, 10, 11

*GBMC, LLC v. Proset Systems, Inc.*, 2013 WL 1629162
(N.D. Fla. 2013) ..................................................................................... vii, 4

*Gill et al v. JetBlue Airways Corporation*, 836 F.Supp.2d 33 (2011) .. vii, 8, 9

Hodges v. Delta Airlines, Inc., 44 F.3d 334, 336 (5th Cir.1995) ........... 10, 12

Koutsouradis v. Delta Air Lines, Inc., 427 F.3d 1339, 1343
(11th Cir.2005) .......................................................................................... 10

Margolis v. United Airlines, Inc., 811 F. Supp. 318, 322
(E.D.Mich.1993) ........................................................................................ 11

Martin ex rel. Heckman v. Midwest Express Holdings, Inc., 555 F.3d 806, 808 (9th Cir.2009) ............................................................................ 8

Morales v. Trans World Airlines, Inc., 504 U. S. 374, 378 (1992) ............... 8

Northwest Airlines, 531 U.S. at 1058, 121 S.Ct. 650 .................................... 9

Public Health Trust v. Lake Aircraft, Inc., 992 F.2d 291 (11th Cir.1993) ........................................................................................ 12

Rodriguez v. American Airlines, Inc., 886 F. Supp. 967, 971 (D.P.R.1995) ........................................................................................ 12

*Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 1686, 40 L.Ed.2d 90 (1974) .................................................................................................... 2

*Shinault v. Am. Airlines, Inc.*, 936 F.2d 796, 802 (5th Cir.1991) .................. 6

Smith v. Comair, Inc., 134 F.3d 254, 259 (4th Cir.1998) ............................. 10

Taj Mahal Travel, Inc. v. Delta Airlines, Inc., 164 F.3d 186, 194 (3d Cir.1998) ..................................................................................... 10, 12

Tobin, 775 F.3d at 456 ................................................................................. 9

Travel All Over the World v. Kingdom of Saudi Arabia, 73 F.3d 1423, 1433 (7th Cir.1996) ........................................................................ 10

## **Statutes**

Fla. Stat. § 95.03 ................................................................................. 3, 4, 5

Fla. Stat. § 95.11 ........................................................................................ 3

49 U.S.C. App. § 1301, repealed by Pub.L. No. 103-272, 108 Stat. 745, 1141 (1994) ........................................................................... 6

49 U. S. C. App. § 1305(a)(1) .................................................................. 8

49 U.S.C. App. § 1374 (1982), repealed by Pub.L. No. 103-272, 108 Stat. 745, 1141 (1994) ...................................................................... 6

49 U.S.C. § 40120(c) ...................................................................... 7

49 U.S.C. § 41112(a) ............................................................... vii, 7

*Air Carrier Access Act*, 49 U.S.C. § 41705 (ADA) .................................... vii

49 U.S.C. § 41713(b)(1) ............................................................. vii

92 Stat. 1705 ............................................................................ 8

## **Rules**

Fed. R. Civ. P. 12(b)(6) ............................................................. 13

# <u>QUESTIONS PRESENTED</u>

IS PLAINTIFF'S COMPLAINT UNTIMELY FOR FAILING TO FILE AGAINST THE AIRLINE AND ITS AGENT WITHIN 6-MONTHS OF THE INCIDENT, AS REQUIRED UNDER THE CONTRACT FOR CARRIAGE?

PLAINTIFF ANSWERS: NO
DEFENDANTS ANSWER: YES

ARE PLAINTIFF'S CLAIMS FOR VIOLATION OF THE AIR CARRIER ACCESS ACT SUBJECT TO DISMISSAL BECAUSE THE ACT LACKS A PRIVATE RIGHT OF ACTION?

PLAINTIFF ANSWERS: NO
DEFENDANTS ANSWER: YES

ARE PLAINTIFF'S STATE LAW NEGLIGENCE CLAIMS PREEMPTED BY THE AIRLINE DEREGULATION ACT?

PLAINTIFF ANSWERS: NO
DEFENDANTS ANSWER: YES

## CONCISE STATEMENT OF THE ISSUES PRESENTED

A personal injury claim in a diversity action based on State Negligence Law, is not a "service" within the meaning of the Air Carrier Access Act. A personal injury, is not expressly pre-empted by the Air Carrier Access Act. An airline based in Florida, whose contract of carriage is to be interpreted under Florida Law, may not contractually shorten the applicable statute of limitations.

# <u>TABLE OF CONTROLLING AUTHORITIES</u>

Florida Statutes § 95.03, parties are unable to alter the default statutes of limitations. The applicable statute of limitations is 95.11 and four years for a personal injury action. This means that parties cannot lengthen or shorten the amount of time either party has to file a case against the other.

*GBMC, LLC v. Proset Systems, Inc.*, 2013 WL 1629162 (N.D. Fla. 2013), addressed a contact that contained a provision to shorten the applicable statute of limitations is void in a diversity action.

Tort claims are peripheral to an airline "service" and, thus, not preempted by the *Air Carrier Access Act*, 49 U.S.C. § 41705 (ADA), *Gill et al v. JetBlue Airways Corporation*, 836 F.Supp.2d 33 (2011).

The *Air Carrier Access Act* (ADA) also requires that airlines obtain insurance policies "for bodily injury to, or death of, an individual or for loss of, or damage to, property of others, resulting from the operation or maintenance of the aircraft." 49 U.S.C. § 41112(a). Such insurance policies would be unnecessary if state-law tort claims arising from aircraft operations were entirely preempted under 49 U.S.C. § 41713(b)(1).

The term "service" of an airline refers "to the prices, schedules, origins and destinations of the point-to-point transportation of passengers, cargo, or mail," but not the "provision of in-flight beverages, personal assistance to passengers, the handling of luggage, and similar amenities." *Duncan v. Northwest Airlines, Inc.*, 208 F.3d 1112, 1114-15 (9th Cir.2000).

# INTRODUCTION

Plaintiff, Mary Dunbar, has glaucoma and limited vision capability. Ms. Dunbar also suffers from mobility issues as, she cannot walk the distance of an airline concourse and requested wheelchair assistance from the airline Co-Defendant, Spirit. Ms. Dunbar never contracted out the Co-Defendant, Prospect Services, for any assistance. She was simply provided assistance from the unknown person at the Spirit arrival gate who provided a wheelchair at Detroit Metropolitan Airport when she arrived in Detroit for a family visit. Prospect Services, is the only corporation to provide these services to airlines. The Prospect wheelchair attendant, left Ms. Dunbar alone. She was injured when she attempted to alight alone from the uncommon wheelchair she was provided by the Defendants.

Prospect Services, apparently provides wheelchair assistance to individuals. The duties of the assistant, is set forth in an employment solicitation by Co-Defendant, Prospect Services:

Passenger Service Assistant (Wheelchair Agent):

We help airline passengers to navigate through the Airport. This includes passengers using a wheelchair, children or anyone that needs help.

Our Passenger Service Assistants help passengers by doing the following:

•Assisting them through the Salt Lake City International airport.

•Helping them make it to their correct departure gate.

•Helping them board and get off the airplane safely.

This position pays $10.00 hourly plus TIPS. This position can be part time or full time. No experience necessary.

https://www.indeed.com/jobs?q=Passenger%20Wheelchair%20Agent&start=10&vjk=6eb78e0e4940af64&advn=6276251351213920

None of the duties of the wheelchair attendant, apparently employed by Prospect Services, relate to air travel, regulation of fares or the mode and manner of flight.

## STATEMENT OF FACTS

For the purpose of this hearing, the Plaintiff accepts the Defendant Prospect Services' Statement of Facts.

## STANDARD OF REVIEW

Defendants argue here, that the Plaintiff's state negligence claim for personal injuries, fails under Rule 12(b)(6). A motion to dismiss, pursuant to Rule 12(b)(6), may be granted only if, accepting all well pleaded allegations in the Complaint as true, and viewing them in the light most favorable to Plaintiff, Plaintiff is not entitled to relief. "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). Plaintiff states a claim,

and dismissal is improper, where the well pled Complaint pleads state law injury claims which are not preempted by Federal Law.

## ARGUMENT

**I.    Dunbar's Complaint is not timely under Spirit's Contract of Carriage**.

Prospect Services seek to avail itself of the Co-Defendant's Contract of Carriage which states at 13, that the contract is construed under the laws of the State of Florida:

## CHOICE OF LAW AND VENUE

13.1 This Contract of Carriage will be governed by and construed in accordance with the laws of the United States of America and the State of Florida without regard to conflict of law principles or law.

The Contract of Carriage goes on to state an alleged contractual statute of limitations:

13.3 Time Limit – No legal action may be brought by a passenger against Spirit or its directors, officers, employees or agents unless commenced within six (6) months from the date of the alleged incident.

In Florida, however, under Florida Statutes § 95.03, parties are unable to alter the default statutes of limitations. The applicable statute of limitations is 95.11 and four years for a personal injury action.  This means that parties cannot lengthen or shorten the amount of time either party has to file a case against the other. In the event that a contract includes a clause reducing or extending the amount of time a

party has to commence a case, a Florida court will almost certainly strike the clause, giving it no legal effect.

Any provision in a contract, fixing the period of time within which an action arising out of the contract may be begun at a time less than that provided by the applicable statute of limitations, is void. FL Stat § 95.03 (2013).

*GBMC, LLC v. Proset Systems, Inc.*, 2013 WL 1629162 (N.D. Fla. 2013), addressed a contact that contained a provision to shorten the applicable statute of limitations. In *GBMC*, the plaintiff filed an action in diversity jurisdiction against a surety on a performance bond. The statute of limitations period applicable to an action on a performance bond claim, in Florida, is five years from when the owner accepts the project. The issue in the case was when the statute of limitations begins to run. The surety argued that the statute of limitations period expired and moved for summary judgment in Federal Court. In support, the surety relied on the contract between the owner and contractor which provided that the statute of limitations period began to run upon "substantial completion" of the project, and not the later accrual date from the "date of acceptance of the project as having been completed according to terms and conditions set out in the construction contract." Since the claim on the performance bond was brought more than five years after the "substantial completion of the project," the Defendant argued that the statute of limitations period had expired.

The court rejected the argument and ruled that the contract provision, which purported to start the statute running from the date of "substantial completion" rather than the later date of "acceptance of the project", was void and unenforceable. In support of its ruling, the court noted that the Florida Supreme Court, has expressly ruled that the statute of limitations period for an action on a performance bond, accrues on the "date of acceptance of the project as having been completed according to terms and conditions set out in the construction contract." As such, the provision in the contract which set the accrual date from the date of "substantial completion" instead of the "date of acceptance" was an attempt to shorten the statute of limitations and was void and unenforceable under § 95.03, Florida Statutes, which provides in pertinent part that; "Any provision in a contract fixing the period of time within which an action arising out of the contract may be begun at a time less than that provided by the applicable statute of limitations is void."

This case demonstrated that the statute of limitations provided in the Florida Statues, may not be shortened by a contract, and it is an exception to the principle that parties are free to negotiate and contract.

The contract of carriage states that, they were created pursuant to Florida law, and thus, Florida law applies. There is no Federal Law statute of limitations on this claim grounded in a state negligence claim. The Defendant is estopped from denying the force of Florida law, when it is the actor that chose the applicable law.

## II. There is no private right of action for violation of the Air Carrier Access Act.

Plaintiff's claim for state negligence claims, is not a private right of action for violation of the Air Carrier Access Act and, is not pre-empted.

The ACAA, is an amendment to the Federal Aviation Act ("FAA").[4] The original FAA, passed in 1958, included a requirement that air carriers, not "subject any particular person ... to any unjust discrimination or any undue or unreasonable prejudice or disadvantage in any respect whatsoever." 49 U.S.C. App. § 1374 (1982), repealed by Pub.L. No. 103-272, 108 Stat. 745, 1141 (1994). This requirement was repealed by the Airline Deregulation Act of 1978, 49 U.S.C. App. § 1301, repealed by Pub.L. No. 103-272, 108 Stat. 745, 1141 (1994), leaving passengers with disabilities without express protection against discrimination by commercial airlines. See *Shinault v. Am. Airlines, Inc.*, 936 F.2d 796, 802 (5th Cir.1991).

Mary Dunbar has not claimed in her complaint, a claim of discrimination, but a claim that Prospect Services breached their duty to a passenger entrusted to their care and that duty was violated when she was left alone to fall unassisted. The standard of care is set forth in a separate provision of the ACAA as a representative of the time that one is to be left alone. It is akin to a violation of a Building Code as

evidence of negligence by a landlord in providing substandard housing to a tenant. The Building Code is not the source of the remedy, it is the source of the standard of care.

Federal law may preempt state law in three ways. First, "Congress may withdraw specified powers from the states by enacting a statute containing an express preemption provision." *Arizona v. United States*, 567 U.S. ___, 132 S. Ct. 2492, 2500-01, 183 L.Ed.2d 351 (2012). Second, "states are precluded from regulating conduct in a field that Congress, acting within its proper authority, has determined must be regulated by its exclusive governance." *Id*. at 2501. Finally, "state laws are preempted when they conflict with federal law." *Id*. Regardless of the type of preemption involved — express, field, or conflict — "[t]he purpose of Congress is the ultimate touchstone of preemption analysis." *Cipollone v. Liggett Grp., Inc.*, 505 U.S. 504, 516, 112 S. Ct. 2608, 120 L.Ed.2d 407 (1992) (internal quotation marks omitted).

The ACAA does not contain an express preemption provision.

The FAA includes two important statements indicating a general congressional intent not to preempt state-law tort suits against airlines: the savings clause providing that "[a] remedy under this part is in addition to any other remedies provided by law," 49 U.S.C. § 40120(c), and the requirement that airlines maintain liability insurance for injuries and property damage, *Id*. § 41112. The latter

requirement, is important as to the statute's preemptive status, because "the FAA doesn't create a federal cause of action for personal injury suits"; the liability insurance clause, therefore, "can only contemplate tort suits brought under state law." *Martin ex rel. Heckman v. Midwest Express Holdings, Inc.*, 555 F.3d 806, 808 (9th Cir.2009).

**III.    State law negligence claims related to the provision of services to disabled passengers are not "services" which are preempted by the Airline Deregulation Act's amendment to the Federal Aviation Act and does not displace state tort actions for personal physical injuries**.

In 1978, Congress enacted the Airline Deregulation Act (ADA), 92 Stat. 1705, which largely deregulated domestic air transport. "To ensure that the States would not undo federal deregulation with regulation of their own," *Morales v. Trans World Airlines, Inc.*, 504 U. S. 374, 378 (1992), the ADA included a preemption clause which read in relevant part:

> "[N]o State . . . shall enact or enforce any law, rule, regulation, standard, or other provision having the force and effect of law relating to *rates*, *routes*, or *services* of any air carrier . . . ." 49 U. S. C. App. § 1305(a)(1).

The question of whether or not attending to a traveler on a sidewalk outside the air terminal, is the central inquiry and, Plaintiff contends that this act is not a "service" within the meaning of the Act.

Plaintiff relies on *Gill v. Jetblue Airways Corp.* to maintain that her tort claims are peripheral to an airline "service" and, thus, not preempted by the ADA. 836 F.

Supp. 2d 33 (D. Mass 2011). Plaintiff counters that his claims are not preempted because the ADA does not preempt state law claims for damages as a result of negligent acts or omissions. In *Gill*, a quadriplegic passenger sued an airline for negligence after he fell while airline employees assisted him into his airline seat. *Id.* at 36-37. The incident occurred during the boarding process, which is a service under the ADA. See *Tobin*, 775 F.3d at 456. The Court held that the ADA did not, however, preempt the passenger's claim of negligence because the related "service" of general passenger boarding, was only tangentially related to the failure of airline employees properly to exercise their duty of care in helping a disabled passenger into his seat. *Gill*, 836 F. Supp. 2d at 43. Put differently, the enforcement of the duty of care owed by airline employees to the disabled passenger, would have only incidental effect on the boarding process and would not likely restrain the ability of airlines to compete in providing that service. *Id.*

The ADA does not define the term "service," nor has the Supreme Court interpreted it. Court of Appeals "have taken directly conflicting positions" on the statuary interpretation. *DeTerra v. America West Airlines, Inc.*, 226 F.Supp.2d 274, 277 (D.Mass.2002); see also *Northwest Airlines,* 531 U.S. at 1058, 121 S.Ct. 650. Because no controlling precedent has issued from the Supreme Court, This Court must look to other circuits for guidance.

The Ninth Circuit has held that the term "service" refers "to the prices, schedules, origins and destinations of the point-to-point transportation of passengers, cargo, or mail," but not the "provision of in-flight beverages, personal assistance to passengers, the handling of luggage, and similar amenities." *Duncan v. Northwest Airlines, Inc.*, 208 F.3d 1112, 1114-15 (9th Cir.2000) (quoting *Charas v. Trans World Airlines, Inc.*, 160 F.3d 1259, 1261 (9th Cir.1998)) (internal quotation marks omitted). This interpretation has been accepted by the Third Circuit. *Taj Mahal Travel, Inc. v. Delta Airlines, Inc.*, 164 F.3d 186, 194 (3d Cir.1998).

However, the Second, Fourth, Fifth, Seventh, and Eleventh Circuits have adopted a much broader definition. According to the Fifth Circuit, "ticketing, boarding procedures, provision of food and drink, and baggage handling, in addition to the transportation itself," are part of airline "services." *Hodges v. Delta Airlines, Inc.*, 44 F.3d 334, 336 (5th Cir.1995). The Seventh Circuit echoes this interpretation. See *Travel All Over the World v. Kingdom of Saudi Arabia*, 73 F.3d 1423, 1433 (7th Cir.1996). The Fourth Circuit has held that "[u]ndoubtedly, boarding procedures are a service rendered by an airline." *Smith v. Comair, Inc.*, 134 F.3d 254, 259 (4th Cir.1998). The Eleventh Circuit has also adopted the Fifth Circuit's definition of "services" to include boarding procedures and baggage handling. See *Koutsouradis* v. Delta Air Lines, Inc., 427 F.3d 1339, 1343 (11th Cir.2005). The Second Circuit rejected a narrow interpretation, noting that "a majority of the circuits have held that

the term refers to the provision or anticipated provision of labor from the airline to its passengers and encompasses matters such as boarding procedures . . . [as well as other] matters incidental to and distinct from the actual transportation of passengers." *Air Transport Association of America, Inc. v. Cuomo*, 520 F.3d 218, 223 (2d Cir.2008) (holding that requiring airlines to provide food, water, electricity, and restrooms to passengers during lengthy ground delays relates to the "service" of an air carrier).

This is not the situation in the present case. Plaintiff's claims do not arise out of the negligent performance of such "services." Here, Plaintiff is suing for personal injuries sustained while exiting an aircraft. Where a plaintiff invokes traditional elements of tort law and the issue of preemption arises, "the courts almost uniformly have resolved against federal preemption." *Dudley*, 882 F. Supp. at 206 (quoting *Margolis v. United Airlines, Inc.*, 811 F. Supp. 318, 322 (E.D.Mich.1993)) (internal quotation marks omitted).

The Ninth Circuit has found that "Congress did not intend to preempt passengers' run-of-the-mill personal injury claims." *Duncan*, 208 F.3d at 1114 (quoting *Charas*, 160 F.3d at 1261 (internal quotation marks omitted)). According to 349*349 the Ninth Circuit, "the imposition of liability as a result of a personal injury action does not sufficiently interfere with objectives of airline deregulation to warrant preemption of action." *Duncan*, 208 F.3d at 1115. The Third Circuit has also

found that Congress did not intend to preempt personal injury state tort claims, noting that the requirement that airlines have insurance for bodily injury claims would otherwise "make little sense." *Taj Mahal Travel, Inc.,* 164 F.3d at 194 (considering it "highly unlikely that claims caused by careening service carts and plummeting luggage were to be removed from state adjudication.") The Fifth Circuit likewise found that "federal preemption of state laws, even certain common law actions `related to services' of an air carrier, does not displace state tort actions for personal physical injuries or property damages caused by operation and maintenance of aircraft." *Hodges*, 44 F.3d at 336 (holding that a state tort claim for personal injury resulting from fellow passenger opening overhead compartment was not preempted because it related to the operation of the aircraft, not its services). The Tenth Circuit and the Eleventh Circuit have held that personal injury claims based on aircraft design defects were also not preempted. *Cleveland v. Piper Aircraft Corp.*, 985 F.2d 1438 (10th Cir.1993); *Public Health Trust v. Lake Aircraft, Inc.*, 992 F.2d 291 (11th Cir.1993). This court has similarly expressed that "state personal injury claims of plaintiffs based on airline `safety' or lack thereof are not expressly preempted by [the ADA]" because the "alleged damages claims are not `related to' the routes, rates, and services provided by [the air carrier]." *Rodriguez v. American Airlines, Inc.*, 886 F. Supp. 967, 971 (D.P.R.1995) (emphasis in original).

In summary the aforementioned case law is persuasive and holds that personal injury claims based on a state's general negligence law are not expressly preempted by the ADA. A general claim for personal injury, "does not emanate from any state regulation of the airlines, rather from state negligence law of duty and breach.

## **CONCLUSION**

For the reasons stated above, Plaintiff, Mary Dunbar, respectfully asks this Court to deny Defendant, Prospect Services' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

*/s/ Michael G. Heilmann*
Michael G. Heilmann (P33034)
23394 Goddard Road
Taylor, MI 48180
734) 307-3800
mgh@dialaw.net
cassie@dialaw.net
**ATTORNEYS FOR PLAINTIFF**

Dated: January 6, 2020

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing has been furnished by electronically filing same through the Eastern District Court whom serves the document on all Counsel of Record on January 6, 2020.

 /s/  Michael G. Heilmann
Michael G. Heilmann
Michigan Bar No. 33034
23394 Goddard Road
Taylor, MI 48180
(734) 307-3800
mgh@dialaw.net
cassie@dialaw.net
**ATTORNEY FOR PLAINTIFF**